

Robert I. Bodian (RB-2627)
Dominic Picca (DP-2376)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
*Attorneys for Defendant*
The Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017
(212) 935-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ATLAS 100 FIFTH LLC, a Delaware limited
liability company,

                           Plaintiff,

          -against-

ONE HUNDRED FIFTH AVENUE COMPANY
L.P., a New York Limited Partnership,

                         Defendant.
------------------------------------------------------------ x

07 CV

**NOTICE OF REMOVAL**

      Defendant ONE HUNDRED FIFTH AVENUE COMPANY L.P., a New York Limited Partnership, sued in an action styled , <u>ATLAS 100 FIFTH LLC, a Delaware limited liability company, vs. ONE HUNDRED FIFTH AVENUE COMPANY L.P., a New York Limited Partnership, New York County Index No. 601299-2007</u> concerning 100 Fifth Avenue Associates L.P. (the "Limited Partnership"), which was brought in the Supreme Court of the State of New York, New York County, hereby removes this civil action from the Supreme Court of the State of New York to the United States District Court, Southern District of New York, and gives notice hereof, upon the following, in accordance with 28 U.S.C. Section 1441 and 1446:

      1.      An action with the title set forth above was commenced in the Supreme Court of the State of New York, New York County by service of a Summons and Complaint and Notice of Pendency on or about April 20, 2007.

4038797v.1

2. This action is a civil action that seeks specific performance of a contract concerning real property currently owned by the Limited Partnership and located at 100 Fifth Avenue, New York, New York.

3. Defendant is a Limited Partnership formed under the laws of New York.

4. Plaintiff, upon information and belief, is a Limited Liability Company formed under the laws of Delaware.

5. The amount in controversy exceeds $75,000, exclusive of costs and interest.

6. The action is one in which the District Court has original jurisdiction by reason of the complete diversity.

7. Copies of all pleadings and process served on Defendant by Plaintiff are annexed hereto as Exhibit A.

WHEREFORE, Defendant requests that this case proceed as an action properly removed hereto.

Dated: New York, New York
May 10, 2007

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: _____
Robert I. Bodian (RB-2627)
Dominic J. Picca (DJ-2376)
The Chrysler Center
666 Third Avenue, 25th Floor
New York, New York  10017
(212) 935-3000

*Attorneys for Defendant One Hundred Fifth Avenue Company, L.P., a New York Limited Partnership*

4038797v.1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ATLAS 100 FIFTH LLC, a Delaware
limited liability company,

              Plaintiff,

--against--

ONE HUNDRED FIFTH AVENUE
COMPANY L.P., a New York Limited
Partnership,

             Defendant.

---

Index No. 07601299

**SUMMONS**

The basis for venue
is CPLR § 503

NEW YORK
COUNTY CLERK'S OFFICE

APR 20 2007

NOT COMPARED
WITH COPY FILE

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 20, 2007

WACHTEL & MASYR, LLP

By: _____
William B. Wachtel
Howard Kleinhendler
110 East 59th Street
New York, New York 10022
(212) 909-9500

*Attorneys for Plaintiff*
*Atlas 100 Fifth LLC*

To:

One Hundred Fifth
   Avenue Company L.P.
104 Fifth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ATLAS 100 FIFTH LLC, a Delaware
limited liability company,

                Plaintiff,

--against--

ONE HUNDRED FIFTH AVENUE COMPANY
L.P., a New York Limited Partnership,

                Defendant.

Index No.

**COMPLAINT**

---

    Plaintiff Atlas 100 Fifth LLC ("Atlas"), by its attorneys Wachtel & Masyr, LLP, for its complaint against Defendant One Hundred Fifth Avenue Company L.P. ("100 Fifth") hereby alleges:

## THE PARTIES

    1.  Atlas is a limited liability company organized under the laws of Delaware, with its principal place of business located at 630 Fifth Avenue, New York, New York 10111. Atlas is affiliated with the Atlas Capital Group, LLC ("Atlas Capital"), a Delaware limited liability company, with its principal place of business located at 630 Fifth Avenue, New York, New York 10111. Jeffrey Goldberger and Andrew Cohen are principals of Atlas Capital and principals of Atlas.

    2.  100 Fifth is a New York limited partnership, with its principal place of business located at 104 Fifth Avenue, New York, New York 10011. Peter Weisman is the sole General Partner of 100 Fifth. 100 Fifth is the fee owner of a commercial property located at 100-104 Fifth Avenue, New York, New York 10011 (the "Property").

## THE LETTER OF INTENT

3. On October 20, 2006, 100 Fifth and Atlas Capital entered into a binding Letter of Intent ("LOI") pursuant to which 100 Fifth agreed to sell the Property to Atlas Capital, or its designee, for $135 million. Andrew Cohen was authorized to and did duly sign the LOI on behalf of Atlas Capital. Peter Weisman was authorized to and did duly execute the LOI as the general partner of 100 Fifth.

4. The LOI stated that within ten days Danielle Gardner could provide Seller with a competing offer "from an arm's length third party on the identical terms contained in this Letter of Intent ... with a purchase price of no less than $140,000,000" and further provided that Atlas Capital had the right to match any such offer and proceed with the purchase of the Property.

5. Danielle Gardner did not provide a competing offer greater than $140 million from an arm's length third party within ten days of the execution of the LOI. Instead she offered $135,250,000 from an entity in which she has a substantial ownership interest.

## THE CONTRACT OF SALE

6. On or about November 17, 2006, Atlas, the designee of Atlas Capital pursuant to the LOI, and 100 Fifth, entered into a long-form contract for the sale of the Property for $140,000,000 (the "Contract"). Weisman, the sole general partner of 100 Fifth, was authorized to and did duly execute the Contact on its behalf, and Andrew Cohen and Jeffrey Goldberger were authorized to and did duly execute the Contract on behalf of Atlas.

7. Pursuant to Section 4(a)(i) of the Contract, Atlas paid an initial deposit to 100 Fifth of $2.5 million on or about November 17, 2006.

8. Pursuant to Section 8(a) of the Contact, the closing on the sale of the Property was to occur "45 days from the earlier of (i) the date Purchaser waives any outstanding conditions to Closing . . . and (ii) the date Seller delivers to Purchaser written confirmation ("<u>Closing Notice</u>") that Seller has satisfied all of its conditions to closing . . . ."

9. Section 13(a) of the Contract provides that if 100 Fifth defaults, Atlas shall have the option "to either (i) terminate [the] Agreement and receive the Deposit (and any interest earned thereon) from the Escrow Agent . . . or (ii) enforce specific performance of [the] Agreement . . . ."

**100 Fifth's Refusal to Close**

10. By letter dated March 23, 2007, Atlas gave notice under the Contract that it was "ready, willing and able to proceed to Closing" and that it "has fulfilled its obligations under the Agreement." In addition, Atlas further informed 100 Fifth that it "waive[d] any outstanding conditions to Closing pursuant to Section 8(a) of the Agreement." As a result of the notice provided on March 23, 2007, 100 Fifth was obligated to proceed to Closing on May 10, 2007, 45 days after the notice was provided. However, Atlas requested that 100 Fifth proceed to Closing on a modified date of April 5, 2007.

11. On March 26, 2007, Weisman, on behalf of 100 Fifth, responded to Atlas's March 23rd notice, stating that while he "believe[d he has] the authority to execute the closing documents on behalf of 100 Fifth," he would not close on the sale.

12. On March 28, 2007, Atlas notified 100 Fifth that 100 Fifth's "stated inability to proceed to Closing . . . constitutes a default under Section 13(a) of the Agreement." Atlas further informed 100 Fifth that it was considering bringing an action for specific performance of the Contract.

3

13. Atlas has fulfilled all its obligations under the Contract and remains ready, willing and able to proceed with the closing on the sale of the Property pursuant to the terms of the Contract.

14. 100 Fifth has refused to schedule a closing on the Contract for the sale of the Property.

### AS AND FOR A FIRST CAUSE OF ACTION – SPECIFIC PERFORMANCE

15. Atlas incorporates by reference paragraphs 1 through 14 above as though fully set forth herein.

16. 100 First has deliberately refused to carry out its obligations under the Contract, thereby breaching its contractual obligations.

17. Atlas has fully and properly performed all of its contractual obligations and remains ready, willing and able to close title on the Property in accordance with the terms of the Contract.

18. The Property is unique and Atlas will not be made whole with a monetary payment.

19. By reason of the forgoing, Atlas demands judgment directing 100 Fifth to specifically perform its contractual obligation to deliver title to the Property in accordance with the terms of the Contract.

20. Atlas has no adequate remedy at law.

WHEREFORE, Atlas demands an Order and Judgment:

a) directing 100 Fifth to specifically perform its contractual obligation to deliver title to the Property under the Contract; and

b) awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 20, 2007

WACHTEL & MASYR, LLP

William B. Wachtel
Howard Kleinhendler
110 East 59th Street
New York, New York 10022
(212) 909-9500

*Attorneys for Plaintiff*
*Atlas 100 Fifth LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ATLAS 100 FIFTH LLC, a Delaware
limited liability company,

                Plaintiff,

--against--

ONE HUNDRED FIFTH AVENUE
COMPANY L.P., a New York Limited
Partnership,

                Defendant.

Index No.

## SUMMONS AND COMPLAINT

WACHTEL & MASYR, LLP
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 909-9500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------- x

ATLAS 100 FIFTH LLC, a Delaware limited  :
liability company,                       :   NOTICE OF PENDENCY
                                         :
                 Plaintiff,              :   Index No. 07601299
                                         :
       --against--                       :
                                         :
ONE HUNDRED FIFTH AVENUE COMPANY L.P.,   :
a New York Limited Partnership,          :
                                         :
                 Defendant.              :

---------------------------------------- x

NOTICE IS HEREBY GIVEN that an action has been commenced and is pending in this Court upon the complaint of the above named plaintiff against the above named defendant for the specific performance by defendant of a contract of sale, dated November 17, 2006, for the premises hereinafter described, entered into by the defendant with the plaintiff.

The premises affected by said action are situated in the City of New York, County of New York, State of New York (Block: 817, Lot: 44) and are more particularly described in Exhibit A, attached hereto and made a part hereof, as that parcel of land known as and by the address 100-104 Fifth Avenue, New York, New York, together with all improvements thereon.

The Clerk of New York County is directed to index this notice against defendant One Hundred Fifth Avenue Company L.P.

Dated:  New York, New York
        April 20, 2007

                                WACHTEL & MASYR, LLP

                                _____
                                William B. Wachtel
                                Howard Kleinhendler
                                110 East 59th Street
                                New York, New York 10022
                                (212) 909-9500

                                *Attorneys for Plaintiff*
                                *Atlas 100 Fifth LLC*

2

## EXHIBIT A

## DESCRIPTION OF THE PREMISES

### PARCEL I:

BEGINNING at the corner formed by the intersection of the westerly side of Fifth Avenue with the northerly side of 15th Street;

RUNNING THENCE northerly, along the westerly side of Fifth Avenue, 61 feet;

THENCE westerly, parallel with 15th Street and part of the way through a party wall, 140 feet to the easterly side of an alley 10 feet wide;

THENCE southerly, parallel with Fifth Avenue and along the easterly side of said alley, 61 feet to the northerly side of 15th Street, and;

THENCE easterly, along the northerly side of 15th Street, 140 feet to the point or place of BEGINNING.

SAID PREMISES BEING KNOWN AS AND BY THE STREET NUMBER 100 FIFTH AVENUE.

### PARCEL II:

BEGINNING at a point on the westerly side of Fifth Avenue, distant 61 feet northerly from the corner formed by the intersection of the said westerly side of Fifth Avenue and the northerly side of 15th Street;

RUNNING THENCE northerly along the said westerly side of Fifth Avenue, 72 feet 5 inches, more or less;

THENCE westerly and parallel with 15th Street and part of the distance through a party wall, 80 feet;

THENCE southerly, and parallel with Fifth Avenue, 14 feet 5 inches to the northerly side of certain premises conveyed by deed from Sarah L. Hayden to Jacob Rothschild, dated December 7, 1910 and recorded December 10, 1910 in Liber 161 Cp. 305;

THENCE southwesterly, along said northerly side of the premises conveyed by said deed, 48 feet 1-1/2 inches;

THENCE southerly, parallel with Fifth Avenue, 30 feet 6 inches, and

THENCE easterly and parallel with 15th Street, 119 feet 6 inches to the westerly side of Fifth Avenue at the point or place of BEGINNING.

SAID PREMISES BEING KNOWN AS AND BY THE STREET NUMBER 102 AND 104 FIFTH AVENUE

TOGETHER WITH an Easement of ingress and egress over 10 foot alley adjoining on the West, bounded and described as follows:

BEGINNING at a point on the northerly side of West 15th Street, distant 140 feet westerly from the corner formed by the intersection of the said northerly side of 15th Street with the westerly side of 5th Avenue;

RUNNING THENCE northerly parallel with said westerly side of 5th Avenue, 103 feet 3 inches to the center line of the block;

THENCE westerly along the center line of the block, 10 feet;

THENCE southerly parallel with said westerly side of Fifth Avenue, 103 feet 3 inches to the said northerly side of 15th Street;

THENCE easterly along the said northerly side of 15th Street, 10 feet to the point or place of BEGINNING.

100-104 Fifth Avenue
New York, New York
Block 817, Lot 44

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ATLAS 100 FIFTH LLC, a Delaware limited liability company,

          Plaintiff,

--against--

ONE HUNDRED FIFTH AVENUE COMPANY L.P., a New York Limited Partnership,

          Defendant.

Index No.

---

# NOTICE OF PENDENCY

WACHTEL & MASYR, LLP
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 909-9500